1  Heather L. Rosing, Bar No. 183986
   Gregor A. Hensrude, Bar No. 226660
2  Chandra E. Kiamilev, Bar No. 224120
   KLINEDINST PC
3  501 West Broadway, Suite 600
   San Diego, California 92101
4  (619) 239-8131/FAX (619) 238-8707
   hrosing@klinedinstlaw.com
5
   Attorneys for Defendant
6  THE NATH LAW GROUP and
   ROBERT P. COGAN
7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  NEUROREPAIR, INC.,                Case No.    09 CV 986 JAH NLS

12            Plaintiff,              **ANSWER OF DEFENDANTS THE NATH
                                      LAW GROUP AND ROBERT P. COGAN
13       v.                           TO PLAINTIFF'S COMPLAINT**

14  THE NATH LAW GROUP, a             **[JURY TRIAL DEMANDED]**
    Professional Limited Liability
15  Corporation, ROBERT P. COGAN, an
    individual, and DOES 1-20,        Courtroom:      11
16                                    Judge:          Hon. John A. Houston
              Defendants.             Magistrate Judge: Hon. Nita L. Stormes
17                                    Complaint Filed:
                                      Trial Date:     None set
18

19

20        COME NOW Defendants The Nath Law Group and Robert P. Cogan ("Defendants")

21  through their respective counsel, and admit, deny, and allege as to each paragraph of the

22  Original Complaint as follows:

23              **SPECIFIC ADMISSIONS AND DENIALS**

24        1.       Defendants admit these allegations.

25        2.       Defendants admit these allegations.

26        3.       Defendants admit that the website, www.nathlaw.com, proffers the

27  statements contained in this paragraph, but denies the remainder of this paragraph.

28  ///

                              - 1 -

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

4.      Defendants admit these allegations but deny that the California State Courts have jurisdiction over this matter as it arises from certain patent-related matters.

5.      Defendants admit the allegations of this paragraph, except that Defendants deny that Robert P. Cogan "represented that he specializes in legal matters relating or pertaining to intellectual property" and that "Cogan does not have any background or training in the biological sciences in general, or in neurobiology or neuroscience in particular."

6.      As this paragraph does not set forth any material factual allegations, Defendants can neither admit nor deny these allegations.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, deny the allegations of this paragraph.

8.      Defendants deny these allegations.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, deny the allegations of this paragraph.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, deny the allegations of this paragraph.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, deny the allegations of this paragraph.  Defendants admit, however, that Plaintiff had "pending certain patent applications respecting the use of TGF-a for treatment of central nervous system disorders and injuries…." at the time of their representation.

12.      Defendants admit that "[i]n December 2005, Neurorepair's Founder and Chief Executive Officer, Matthew Klipstein ("Klipstein"), spoke to Cogan, who was then a member of the Nath Law Firm in its San Diego, California office, about the prospect of retaining Defendants, and each of them, to take over the prosecution of the Patent

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

Applications."  Defendants deny the remainder of the allegations contained in this paragraph.

13.     Defendants admit the substance of the first two sentences of this paragraph. Defendants, however, deny the remainder of the allegations as they are ambiguous and proffer legal conclusions that can neither be admitted nor denied.

14.     Defendants deny these allegations.

15.     Defendants deny these allegations.

16.     Defendants deny these allegations.

17.     This paragraph presents legal conclusions that cannot be admitted or denied.  To the extent that this paragraph makes factual assertions, Defendants deny those assertions.

18.     Defendants deny these allegations.

19.     Defendants deny the allegations contained in the first two sentences of this paragraph.  Defendants also deny Plaintiff's characterization of Robert Cogan's email of January 1, 2007.  Defendants do admit that Cogan stated in the foregoing email that "the billing practices to which you have been subjected are not acceptable."  Mr. Cogan's remark, however, has been taken out of context by Plaintiff.  To the extent that the remainder of this paragraph makes factual assertions, Defendants deny those assertions.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, deny the allegations of this paragraph.

21.     This paragraph presents legal conclusions that cannot be admitted or denied.  To the extent that this paragraph makes factual assertions, Defendants deny those assertions.

22.     Defendants admit that "on or about August 22, 2007, Neurorepair terminated its agreement with Defendants."  Defendants deny the remainder of the allegations of this paragraph.

23.     Defendants deny these allegations.

24.      Defendants incorporate by reference their responses set forth in 1-23 supra.

25.      Defendants admit that they entered into an "attorney-client relationship" with Plaintiff.  However, Defendants deny and object to Plaintiff's characterization of the attorney-client relationship "as described" in Plaintiff's complaint.

26.      This paragraph presents legal conclusions that cannot be admitted or denied.  To the extent that this paragraph makes factual assertions, Defendants deny those assertions.

27.      Defendants deny these allegations.

28.      Defendants deny these allegations.

29.      Defendants incorporate by reference their responses set forth in 1-28 supra.

30.      This paragraph presents legal conclusions that cannot be admitted or denied.  To the extent that this paragraph makes factual assertions or assertions contrary to law, Defendants deny those assertions.

31.      Defendants deny these allegations.

32.      Defendants deny these allegations.

33.      Defendants deny these allegations.

34.      Defendants incorporate by reference their responses set forth in 1-33 supra.

35.      Defendants admit that they entered into a written agreement for the provision of legal services.  However, Defendants deny and object to Plaintiff's characterization of such agreement "as described" in Plaintiff's complaint.

36.      Defendants deny these allegations.

37.      Defendants deny these allegations.

38.      Defendants deny these allegations.

39.      Defendants incorporate by reference their responses set forth in 1-38 supra.

40.      Defendants deny these allegations.

41.      This paragraph presents legal conclusions that cannot be admitted or denied.  To the extent that this paragraph makes factual assertions or assertions contrary to law, Defendants deny those assertions.

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  42.    Defendants deny these allegations.

2  43.    Defendants deny these allegations.

3  44.    Defendants incorporate by reference their responses set forth in 1-43 supra.

4  45.    This paragraph presents legal conclusions that cannot be admitted or

5  denied.  To the extent that this paragraph makes factual assertions or assertions contrary to

6  law, Defendants deny those assertions.

7  46.    Defendants deny these allegations.

8  47.    Defendants deny these allegations.

9  48.    Defendants incorporate by reference their responses set forth in 1-47 supra.

10  49.    Defendants deny these allegations.

11  50.    Defendants deny these allegations.

12  51.    Defendants deny these allegations.

13  52.    Defendants deny these allegations.

14  53.    Defendants deny these allegations.

15  54.    Defendants deny these allegations.

16  55.    Defendants incorporate by reference their responses set forth in 1-54 supra.

17  56.    Defendants deny these allegations.

18  57.    Defendants deny these allegations.

19  58.    Defendants deny these allegations.

20  59.    Defendants deny these allegations.

21  60.    Defendants deny these allegations.

22  61.    Defendants deny these allegations.

23  62.    Defendants deny these allegations.

24  63.    Defendants deny these allegations.

25  64.    Defendants deny these allegations.

26  65.    Defendants deny these allegations.

27  ///

28  ///

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA  92101

1     (PRAYER FOR RELIEF)    Defendants deny that Plaintiff is entitled to any relief

2 against Defendants.

3 **<u>GENERAL DENIAL</u>**

4     Defendants deny all allegations of the Complaint not specifically admitted herein.

5 **<u>AFFIRMATIVE DEFENSES</u>**

6     Defendants further assert the following affirmative defenses:

7 **<u>FIRST AFFIRMATIVE DEFENSE</u>**

8 **(Estoppel)**

9     As a first and separate affirmative defense, Defendants allege that Plaintiff, by its

10 own acts and/or omissions, is estopped from recovering at all against Defendants.

11 **<u>SECOND AFFIRMATIVE DEFENSE</u>**

12 **(Waiver)**

13     As a second and separate affirmative defense, Defendants allege that Plaintiff, by its

14 own acts and/or omissions, has waived its rights, if any, to recover against Defendants.

15 **<u>THIRD AFFIRMATIVE DEFENSE</u>**

16 **(Failure to Mitigate Damages)**

17     As a third and separate affirmative defense, Defendants allege that Plaintiff has

18 failed to mitigate its damages, if any, in connection with the matters referred to in the

19 Complaint, and that such failure to mitigate bars and/or diminishes the Plaintiff's recovery,

20 if any, against Defendants.

21 **<u>FOURTH AFFIRMATIVE DEFENSE</u>**

22 **(Statute of Limitations)**

23     As a fourth and separate affirmative defense, Defendants allege that said Complaint,

24 and each and every claim or purported claim contained therein, is barred by all applicable

25 statutes of limitation.

26 ///

27 ///

28 ///

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Statute of Frauds)

3     As a fifth and separate affirmative defense, Defendants allege that Plaintiff's claims

4     are barred by the Statute of Frauds.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Res Judicata/Collateral Estoppel)

7     As a sixth and separate affirmative defense, Defendants allege that Plaintiff's

8     Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

9

## SEVENTH AFFIRMATIVE DEFENSE

10

### (Unclean Hands)

11     As a seventh and separate affirmative defense, Defendants allege that by reason of its

12     conduct, Plaintiff is barred by the Doctrine of Unclean Hands from taking any relief

13     sought in the Complaint.

14

## EIGHTH AFFIRMATIVE DEFENSE

15

### (Ripeness)

16     As an eighth and separate affirmative defense, Defendants allege that Plaintiff has

17     not yet incurred damages or loss with respect to this action.  The Complaint is therefore

18     not ripe for adjudication.

19

## NINTH AFFIRMATIVE DEFENSE

20

### (Uncertainty)

21     As a ninth and separate affirmative defense, Defendants allege that the causes of

22     action in said Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's

23     claim for damages against Defendants.

24     ///

25     ///

26     ///

27     ///

28     ///

09 CV 986 JAH NLS

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

# TENTH AFFIRMATIVE DEFENSE

## (Laches)

As a tenth and separate affirmative defense, Defendants allege that the causes of action contained in the Complaint, and each of them, are barred by the doctrine of laches, in that the Plaintiff has unreasonably delayed in bringing these claims, and said delays have prejudiced Defendants.

# ELEVENTH AFFIRMATIVE DEFENSE

## (Defendant Exercised Reasonable Care)

As an eleventh and separate affirmative defense, Defendants allege that, at all times relevant herein, Defendants exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

# TWELFTH AFFIRMATIVE DEFENSE

## (Assumption of Risk)

As a twelfth and separate affirmative defense, Defendants allege that at all times herein mentioned, Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon his conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

# THIRTEENTH AFFIRMATIVE DEFENSE

## (Intervening Acts of Others)

As a thirteenth and separate affirmative defense, Defendant alleges that the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, including Plaintiff's concurrent and/or successor counsel, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

///

///

///

09 CV 986 JAH NLS

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Inappropriate)

As a fourteenth and separate affirmative defense, Defendants allege that the Complaint, and each and every cause of action listed therein, fails to state facts sufficient to support an award of damages for attorneys' fees, expert witness fees, and other litigation fees, costs, and expenses as against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Speculation)

As a fifteenth and separate affirmative defense, Defendants allege that the damages and theories of causation alleged in the Complaint are speculative and not subject to determination by a finder of fact.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

As a sixteenth and separate affirmative defense, Defendants allege that Plaintiff has not suffered any damage or injury that was actually or proximately caused by any act or omission of any Defendant.  Plaintiff cannot prove that a more favorable result would have been obtained had Defendants acted differently.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Non-Existent Obligations Not Contracted for and Outside Agreement)

As a seventeenth and separate affirmative defense, Defendants allege that the Complaint asserts non-existent obligations which were not contracted for and outside of the agreement among the relevant person(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

As an eighteenth and separate affirmative defense, Defendants allege that they did not have a duty to disclose the "facts" as alleged in the Complaint.

///

///

09 CV 986 JAH NLS

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Representations True)

As a nineteenth and separate affirmative defense, Defendants allege that any statement or fact or opinion made by any Defendant was true, or if not true, was reasonably believed to be true at the time it was made.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Misrepresentation or Omission)

As a twentieth and separate affirmative defense, Defendants allege that they did not make any of the misrepresentations or omissions alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Materiality and Reliance)

As a twenty-first and separate affirmative defense, Defendants allege that any misrepresentation or omission alleged in the Complaint was immaterial and not reasonably or actually relied upon by Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Excuse)

As a twenty-second and separate affirmative defense, Defendants allege that if any contracts, obligations, or agreements as alleged in the Complaint have been entered into, any duty of performance by Defendants is excused by reason of failure of consideration, waiver, breach of condition precedent, breach by Plaintiff, impossibility of performance, prevention by Plaintiff, frustration of purpose and/or acceptance by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Lack of Standing)

As a twenty-third and separate affirmative defense, the Complaint, and each and every purported claim contained therein, is barred by reason of the fact that Plaintiff lacks standing to bring this action.

///

///

09 CV 986 JAH NLS

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Indispensable parties)

As a twenty-fourth and separate affirmative defense, Defendants allege that this action cannot proceed because Plaintiff has failed to join one or more indispensable parties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

As a twenty-fifth and separate affirmative defense, Defendants allege that they may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize its claims, due to the fact that Defendants do not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims. Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims, and upon the development of other pertinent information.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

As a twenty-sixth and separate affirmative defense, Defendants reserve the right to amend their answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Set Off)

As a twenty-seventh and separate affirmative defense, Defendants allege that Plaintiff's damages, if any, are off-set by amounts that Plaintiff owes to Defendants for services rendered.

///

///

///

09 CV 986 JAH NLS

1    WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

2    1.    That Plaintiff take nothing by way of its action;

3    2.    That Defendants be awarded costs of suit incurred herein; and

4    3.    For such other and further relief as the court deems just and proper.

5                              KLINEDINST PC

6

7
     DATED: May 27, 2009              By:  /S/ Chandra E. Kiamilev
8                                          HEATHER L. ROSING
                                           GREGOR A. HENSRUDE
9                                          CHANDRA E. KIAMILEV
                                           Attorneys for Defendants
10                                         THE NATH LAW GROUP, ROBERT P.
                                           COGAN
11   779284v1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101